UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Union Leader Corporation

     v.                        Civil No. 12-cv-18-JL

U.S. Department of Homeland
Security, U.S. Immigration
and Customs Enforcement

**SUMMARY ORDER**

In this action under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from which this court derives its jurisdiction, id. § 552(a)(4)(B), Union Leader Corporation seeks an injunction ordering United States Immigration and Customs Enforcement ("ICE") to produce to it the names and addresses of six individuals who were arrested in New Hampshire during 2011. ICE moved to dismiss the complaint, see Fed. R. Civ. P. 12(b)(6), arguing that Union Leader had made only an informal e-mail request for the information in question, rather than a formal FOIA request pursuant to the agency's regulations, and had therefore failed to exhaust its administrative remedies. In its opposition, Union Leader conceded that it had not made a formal FOIA request with ICE prior to filing suit (though it did make one after filing, and after ICE moved to dismiss), but argued that this defect should not result in dismissal of the suit.

The court held a telephone conference with the parties on March 15, 2012, at which it requested their positions on how to

proceed in light of Union Leader's belated FOIA request.  At the conference, the parties agreed that they would file a joint stipulation on that matter no later than March 21, 2012, or the court would issue an order regarding the disposition of this case.  The parties did not file any stipulation on or before March 21.  Instead, Union Leader filed a motion to amend its complaint that day, seeking to add allegations regarding its formal FOIA request to ICE, including that (1) ICE responded to that request by producing certain documents, albeit with the relevant information (i.e., the names and addresses of the six individuals) redacted, and (2) Union Leader administratively appealed those redactions.  Because no stipulation was filed, in accordance with the parties' agreement at the March 15 telephone conference, the court issues this order granting (without prejudice) ICE's motion to dismiss and denying Union Leader's motion to amend.

    FOIA "vests jurisdiction in federal courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 139 (1980) (citing 5 U.S.C. § 552(a)(4)(B)). "It cannot be said, however, that an agency improperly withheld records if the agency did not receive a request for those records." Kottori v. FBI, 784 F. Supp. 2d 83, 85 (D. Mass.

2011).  To request agency records under FOIA, a party must comply
with the agency's "published rules stating the time, place, fees
(if any), and procedures to be followed." 5 U.S.C. § 552(3)(A).
"Where a FOIA request is not made in accordance with the
published regulations, the FOIA claim is subject to dismissal for
failure to exhaust administrative remedies." Calhoun v. Dep't of
Justice, 693 F. Supp. 2d 89, 91 (D.D.C. 2010).

It is undisputed that Union Leader, prior to filing this
action, failed to make a request in accordance with the published
rules governing FOIA requests to ICE.  Those rules require a
party requesting records to send its request to either ICE's FOIA
office in Washington, D.C. or the Departmental Disclosure Officer
for ICE's parent agency, the Department of Homeland Security.
See 6 C.F.R. § 5.3(a).  Rather than requesting records from
either of those sources, Union Leader requested the information
in question from an ICE Public Affairs Officer, first via e-mail,
then by letter.  As of the date this action was filed, then,
Union Leader had failed to exhaust its administrative remedies
and the complaint failed to state a claim upon which relief could
be granted.  See Kottori, 784 F. Supp. 2d at 85; Calhoun, 693 F.
Supp. 2d at 91-92; see also Kessler v. U.S., 899 F. Supp. 644,
645 (D.D.C. 1995) (dismissing FOIA claim where plaintiff "did not
address and mail his FOIA request to the office of the official
who is responsible for control of the records requested").

3

The additional facts pled in the proposed amended complaint do not remedy this deficiency.  For purposes of exhaustion, it is not enough that a plaintiff has filed an initial FOIA request and that the agency denied the request.  Rather, the plaintiff must also exhaust the right to administratively appeal that denial before filing suit.  See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990) ("Courts have consistently confirmed that the FOIA requires exhaustion of [the statutory] appeal process before an individual may seek relief in the courts.").

As noted, the proposed amendments allege that ICE withheld the information Union Leader sought and that Union Leader filed an administrative appeal with respect to that information.  But the right to appeal is not exhausted merely by filing an appeal; it is only exhausted when the agency either (a) issues a final decision denying the appeal, or (b) fails to act on the appeal within twenty days, as mandated by 5 U.S.C. §§ 552(a)(6)(A)(ii) & (C)(i).  See, e.g., Taitz v. Obama, 707 F. Supp. 2d 1, 4-5 (D.D.C. 2010); see also Oglesby, 920 F.2d at 64 ("[C]ongress intended that the administrative route be pursued to its end.  It did not mean for the court to take over the agency's decision-making role in midstream or to interrupt the agency's appeal process when the agency has already invested time, resources, and expertise into the effort of responding.").  Neither is the case here--Union Leader does not allege that ICE has denied its

4

appeal, and that appeal was taken on March 14, 2012, so ICE still has until April 3, 2012, to issue a final decision on the appeal.[1]  Union Leader's proposed amendment would therefore be futile, and its motion to amend is denied.  See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009) ("If the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend.").

        This court has no desire to elevate bureaucratic form over substance.  The exhaustion requirement serves important public interests.  It provides the agency with "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  Oglesby, 920 F.2d at 61 (citing McKart v. United States, 395 U.S. 185, 194 (1969)).  It also allows agency supervisors an opportunity to correct mistaken denials of meritorious FOIA requests, thereby obviating the need for judicial review by the courts.  Id.  Those interests would

---

        [1]Union Leader has argued that because 6 C.F.R. § 5.9(a)(3), which governs appeals of adverse FOIA decisions by ICE, provides that "[a]n appeal ordinarily will not be acted on if the request becomes a matter of FOIA litigation," it has constructively exhausted its administrative remedies.  But "'ordinarily' does not mean 'always.'"  Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011); see also Alison v. United States, 344 U.S. 167, 170 (1952) (same).  There is still a chance that ICE will grant Union Leader's appeal, and this court "cannot leapfrog [ICE's] appellate process by speculating as to how the agency will amend [or implement] its decision-making process . . . ."  Jarvik v. CIA, 495 F. Supp. 2d 67, 72 (D.D.C. 2007).

not be served by permitting Union Leader to forego the agency appeal process in this case.  As the Oglesby court explained, "[i]f there is to be any uniformity in FOIA interpretations within a given agency, and if the agencies are to have an opportunity to revise their responses . . . , such uniformity can best be afforded through the administrative appeal process."  Id. at 65.  Union Leader must allow that appeal process to run its course before resorting to the courts.

For the reasons set forth above, ICE's motion to dismiss[2] is GRANTED, Union Leader's motion to amend[3] is DENIED, and the suit is dismissed without prejudice.  Union Leader's motion for preliminary injunction and request for expedited hearing[4] is DENIED as moot.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 23, 2012

cc:  Gregory V. Sullivan, Esq.
     Gretchen Leah Witt, Esq.

---

[2]Document no. 8.

[3]Document no. 12.

[4]Document no. 4.